UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY A. MEITZNER,

      *Plaintiff*,                    CASE NO. 15-cv-14444

v.                                DISTRICT JUDGE THOMAS L. LUDINGTON
                                  MAGISTRATE JUDGE PATRICIA T. MORRIS

ROBERT P. YOUNG, JR. et al,

      *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants Robert Young, Jr., Michael Cavanagh, Mary Beth Kelly, Marilyn Kelly, Stephen Markman, Diane Hathaway, and Brian Zahra's motion to dismiss (Doc. 9) be **GRANTED**, Plaintiff Larry A. Meitzner's ("Meitzner") motion for default judgment (Doc. 11) be **DENIED**, Meitzner's motion to amend (Doc. 12) be **DENIED**, that sanctions be imposed on Meitzner under Federal Rule of Civil Procedure 11, and that Meitzner's complaint (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**II.    REPORT**

    **A.    Introduction**

This is the third in a series of three related suits filed by Meitzner which relate to a matter litigated in the Presque Isle Circuit Court, a Michigan state trial court, wherein Meitzner was found to have "encroach[ed] upon or interfere[ed] with . . . [the] use of an

easement that runs across [his] land." *Clark v. Meitzner*, No. 304639 (Mich. Ct. App. Aug. 16, 2012). Meitzner was found liable to the plaintiffs both at trial and on appeal; aggrieved, he filed his first federal action. *See* Complaint, *Meitzner v. Talbot*, No. 15-cv-12870, ECF No. 1 ("*Meitzner I*"). In *Meitzner I*, Meitzner asserted that several judges and employees of the Michigan Court of Appeals violated his civil rights by ruling against his interests in the matter of *Clark v. Meitzner*, or in his words, "falsifying a presentation of the Michigan Court of Appeals." *Id.* On October 30, 2015, the undersigned magistrate issued a report and recommendation that Meitzner's complaint be dismissed because he failed to state a claim, because the defendants in that matter were cloaked with judicial immunity, and because the Court lacked jurisdiction to hear the claim pursuant to the *Rooker-Feldman* doctrine. *See* Report and Recommendation, *Meitzner I*, No. 15-cv-12870, ECF No. 17. The Court also warned Meitzner that filing suit against parties who are judicially immune for actions taken in the course of performing their judicial functions could merit sanctions. On February 5, 2016, District Judge Thomas Ludington adopted the undersigned's recommendation in part, dismissing Meitzner's action with prejudice. *See Meitzner I*, No. 15-CV-12870, 2016 WL 447538, at *5 (E.D. Mich. Feb. 5, 2016).

On October 21, 2015, Meitzner filed his second action, in which alleged that Judge William B. Murphy, former Chief Judge of the Michigan Court of Appeals, violated his civil rights by failing to reverse the decision rendered by other Court of Appeals judges in *Clark v. Meitzner*. *See* Complaint, *Meitzner v. Murphy*, No. 15-cv-13729, ECF No. 1 ("*Meitzner II*"). On February 19, 2016, the Court issued a report and recommendation to

2

dismiss Meitzner's complaint. *See* Report and Recommendation, *Meitzner II*, ECF No. 15. The Court also found that Meitzner violated Federal Rule of Civil Procedure 11 through the submission of his frivolous response to the defendant's motion to dismiss. *Id.* at 12-19. However, because the defendant had not moved for sanctions, and because the Court had not previously promulgated an order to show cause why sanctions should not be issued, it declined to issue or recommend sanctions at that time. *Id.*

This action was filed on December 23, 2015, nearly two months after this Court issued its report and recommendation in *Meitzner I*. (Doc. 1). Meitzner was on notice of the frivolous nature of his claims growing out of *Clark v. Meitzner*, yet filed this complaint regardless. Meitzner's allegations in the instant complaint differ little from those alleged in *Meitzner I* and *Meitzner II*. He alleges that the Defendants were "listed [as] justices on the order for [the] Michigan Supreme Court" denying application for leave to appeal the *Clark v. Meitzner* matter; in refusing to hear that appeal, Meitzner asserts that the Defendants "continu[ed] the conspiracy under Title 42 §1985." (Doc. 1 at 5). The remainder of Meitzner's complaint is comprised of challenges to the decision of the Michigan Court of Appeals in *Clark v. Meitzner*, including annotations on that court's decision, and a portion of the case transcript. (*Id.* at 7-24). On December 30, 2015, District Judge Thomas Ludington referred this action to the undersigned magistrate for all

pretrial purposes. (Doc. 4). On January 25, 2016, three of the defendants ("the Justices") filed a motion to dismiss Meitzner's complaint.[1] (Doc. 9).

### B. Motion to Dismiss Standards

The Justices moves for dismissal under Rule 12 of the Federal Rules of Civil Procedure. A motion to dismiss brought under Rule 12(b)(1) challenges the court's subject matter jurisdiction to hear the case. Where a defendant makes a facial attack on the subject matter jurisdiction alleged in a complaint, "a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). This is in contrast to a factual attack on subject matter jurisdiction, wherein the "district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id*.

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint with regard to whether it states a claim upon which relief can be granted. When deciding a motion under this subsection, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can

---

[1] The Justices note in their motion to dismiss that only three members of the Michigan Supreme Court have been served, thus the remaining four justices did not participate in the motion to dismiss. (Doc. 9 at 2, fn. 1).

be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . .

When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries–Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

    C.    <u>**Analysis**</u>

In their motion to dismiss, the Justices correctly assert that Meitzner's action fails to state a claim upon which relief can be granted, is barred by *Rooker-Feldman*, and is barred by judicial immunity. (Doc. 9).

On February 16, 2016, Meitzner filed a response to the Justices' motion to dismiss. (Docs. 10, 13). Meitzner therein asserts that "[t]he instant suit is not, repeat

NOT, a continuation of a state court decision. This is an extension of the falsified per curiam of the [Court of Appeals.]" (Doc. 13 at 4). Meitzner concludes that *Rooker-Feldman* has no application to this case. (*Id.*). As to judicial immunity, Meitzner ambiguously asserts that he "will stipulate to the concept of judicial immunity, but not as a 'given.'" (*Id.* at 5). However, he (yet more opaquely) argues that judicial immunity does not bar his claims because the "proceeding will [not] have a detrimental effect on the needed fearlessness need to continue in the decision making process," and because "the decision is [not] so grevious [sic] as to deter a lesser man from pursuing justice." (*Id.*). Meitzner yet again cites *Cleavinger v. Saxner*, 474 U.S. 193 (1985), a case primarily addressing qualified immunity for prison officials, as support for his erroneous argument that judicial immunity applies only where a judge acts reasonably. (*Id.*). Meitzner also misreads a decision of the Third Circuit Court of Appeals, which distinguished absolute judicial immunity from the qualified immunity accorded to many other government officials; Meitzner mistakenly concludes that this decision stands for the proposition that judicial immunity applies only when judges "act reasonably and without malice," whereas that limitation applies only to the *qualified* immunity accorded to non-judicial government officials. (*Id.* at 10) (quoting *Princeton Cmty. Phone Book, Inc. v. Bate*, 582 F.2d 706, 711 (3d Cir. 1978)).

    Meitzner alleges that Defendants were named as members of the Michigan Supreme Court at the time the Michigan Supreme Court refused to hear the appeal in *Clark v. Meitzner*. (Doc. 1 at 1-5). Meitzner does not allege that Defendants engaged in any particular conduct beyond refusing to hear that case, and concludes that the Justices

7

have joined the conspiracy to deny his Constitutional rights. (*Id.*). These claims should be dismissed for three reasons.

First, Meitzner fails to state a claim upon which relief can be granted. Justices of the Michigan Supreme Court do not deprive an appellant of his or her rights by declining to hear an appeal, because granting leave to appeal is wholly discretionary. *See* Mich. Ct. R. 7.105(e)(3) ("The court may grant or deny leave to appeal or grant other relief.").

Second, deciding whether to hear a case obviously "aris[es] out of the performance of . . . judicial functions," therefore Defendants are cloaked with judicial immunity in the performance of that task. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *see also Forrester v. White*, 484 U.S. 219, 228 (1988) (Holding that the act of "resolving disputes between parties who have invoked the jurisdiction of a court" is one of the most "paradigmatic judicial acts."). Meitzner's action is thus also barred by the doctrine of judicial immunity.

Third, Meitzner's action is barred by the *Rooker-Feldman* doctrine. That doctrine, established in the cases *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983), provides that only the United States Supreme Court possesses the power to review state court findings, or to adjudicate claims which are "inextricably intertwined" with issues decided in state court proceedings. In other words, lower federal courts lack jurisdiction to hear claims wherein the "plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). As in his prior federal actions, Meitzner clearly seeks review and reversal of the decisions

rendered by the Michigan Court of Appeals and the Michigan Supreme Court. This is precisely the sort of claim that *Rooker-Feldman* prevents lower federal courts from entertaining. *See Tillman v. Michigan Court of Appeals*, No. 2:14-CV-13282, 2014 WL 4706003, at *2 (E.D. Mich. Sept. 22, 2014) (dismissing a complaint pursuant to *Rooker-Feldman* where the plaintiff alleged that a decision rendered by the Michigan Court of Appeals was procedurally and constitutionally unsound).

On February 16, 2016, Meitzner submitted an "amended complaint," which actually takes the form of a request to amend his complaint, but does not contain a proposed amended complaint. (Doc. 12). Therein, Meitzner asserts that he "wishes to amend his complaint to add the Michigan Supreme Court as a defendant for [the] purpose of injunctive relief only." (*Id.*). The Michigan Supreme Court is not a "person" capable of being sued under 42 U.S.C. § 1983. *See Moore v. Attorney Grievance Comm'n*, No. 12-CV-12671, 2012 WL 6553404, at *3 (E.D. Mich. Sept. 11, 2012) report and recommendation adopted, No. 12-12671, 2012 WL 6553755 (E.D. Mich. Dec. 14, 2012). Furthermore, the State of Michigan is immune from suit under the Eleventh Amendment. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). Meitzner's motion to amend his complaint should be denied.

Meitzner's motion for default judgment should likewise be denied. (Doc. 11). The Justices assert that defendants Michael F. Cavanagh, Marilyn Kelly, Diane E. Hathaway, and Mary Beth Kelly have not been properly served. (Doc. 9 at 2, fn. 1). Meitzner asserts that he served his complaint upon 925 W. Ottawa St., Lansing, Michigan, which is the address of the Michigan Supreme Court, therefore all seven

9

Defendants have been properly served, and their failure to respond to his complaint constitutes default. (Doc. 11). Meitzner has not provided proof that he individually served each of the defendants, and his service of the complaint upon the Michigan Supreme Court is not sufficient, particularly where several of the defendants are no longer employed by that court. In any case, the Court will recommend dismissal of Meitzner's complaint against each of the Defendants, whether served or unserved, because his complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Finally, the Court finds that Meitzner's repeated filing of frivolous complaints and pleadings mandates consideration of sanctions. The Court has been reluctant to impose sanctions due to Meitzner's *pro se* status. However, "[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) (quotation and citation omitted).

Despite being on notice since October 30, 2015, that his claims were barred by judicial immunity and the *Rooker-Feldman* doctrine, and failed to state a claim upon which relief can be granted, Meitzner filed the instant complaint on December 23, 2015. (Doc. 1). Meitzner has not heeded the Court's warnings that further frivolous conduct would not be tolerated, and has instead persisted in filing complaints against Michigan state court judges and justices arising out of the determination of *Clark v. Meitzner*. The Court finds that Meitzner violated Federal Rule of Civil Procedure 11(b)(1) and (2)

through the filing of the instant complaint. That rule require that papers filed with the Court are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(1)-(2).

"The test for the imposition of Rule 11 sanctions in this circuit is whether the individual's conduct was reasonable under the circumstances." *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790, 792 (6th Cir. 1988). A party's conduct must be measured against an objective standard of reasonableness. *See Century Prods., Inc. v. Sutter*, 837 F.2d 247, 253 (6th Cir. 1988). Meitzner's claims and arguments in his complaint have been thoroughly rejected, thus he could not have an objectively reasonable belief that his claims were supported by existing law. He has made no argument for reversing existing law, but rather has persisted in misstating the existing law. Likewise, Meitzner's submission of three highly similar suits against state court judges for their failure to reverse the decision in *Clark v. Meitzner* suggests that he is engaging in intentional harassment. This conclusion is bolstered by the Court's finding in *Meitzner I* that Meitzner's communications with the Court of Appeals, including his statement that "I am only trying to avoid embarrassment to all parties by filing a frivolous lawsuit when a simple alternative dispute resolution could show me the error of my ways," strongly suggest that he is attempting to badger state court judges into reversing the decision in

*Clark v. Meitzner*. *See* Report and Recommendation, *Meitzner I*, No. 15-cv-12870, ECF No. 17.

In light of Meitzner's repeated submission of frivolous complaints and pleadings, and in particular his filing of the instant frivolous complaint, the Court recommends that Meitzner be considered for the imposition of sanctions for his violations of Federal Rule of Civil Procedure 11(b)(1)-(2).

### D.     Conclusion

For the reasons above, I recommend **GRANTING** the Justices' motion to dismiss (Doc. 9), **DENYING** Meitzner's motion for default judgment (Doc. 11), **DENYING** Meitzner's motion to amend (Doc. 12), imposing sanctions upon Meitzner under Federal Rule of Civil Procedure 11, and **DISMISSING** Meitzner's complaint against Defendants (Doc. 1) **WITH PREJUDICE**.

## III.    REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party

may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 3, 2016                    S/ PATRICIA T. MORRIS
                                       Patricia T. Morris
                                       United States Magistrate Judge


**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Larry Meitzner at 4209 Klee Road, Rogers City, MI 49779.

Date: March 3, 2016                    By s/Kristen Krawczyk
                                       Case Manager